UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. LACROIX | Case No. 22-12936 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| SGT DEA & PATRICK NACHTREIB, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. _____/ | |

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 15); TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 13).

Plaintiff Kevin L. LaCroix, proceeding without the assistance of counsel, filed this action on December 5, 2022.  (ECF No. 1).  This matter has been referred to the undersigned for all pretrial matters.  (ECF No. 10).  This matter is presently before the Court on Plaintiff's motion to amend his complaint and Defendants' motion to dismiss.  (ECF Nos. 15; 13).

Plaintiff's complaint alleges he was denied his Constitutional right to vote because Defendant Patrick Nachtrieb failed to pick up Plaintiff's ballot and take it to the polling place and Defendant Dea told Plaintiff to mail his ballot in, even though Dea knew one day was not enough time for Plaintiff's ballot to arrive at the polling place.  (ECF No. 1).

1

I. **DISCUSSION**

   a. *Motion to Amend*

      i. <u>Standard Governing Motions to Amend</u>

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." There are several factors courts consider in deciding whether to allow amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

The Court need not grant leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

      ii. <u>Analysis of Plaintiff's Motion to Amend</u>

On April 13, 2023, Plaintiff moved to amend his complaint in response to Defendants' motion to dismiss. (ECF No. 15). In his motion, Plaintiff argues he

"innocently and accidentally" made an error related to the dates in his original complaint and notes he "does not have access to a calendar and readily admit his mistake." (*Id.* at PageID.64). He asserts he has corrected this mistake in his amended complaint. Plaintiff also notes that his original complaint references his ballot being mailed "one day" before election day and "Monday before voting" as evidence that the date was a typographical error. (*Id.* at PageID.64-65).

In response, Defendants argue that allegations in a complaint are binding judicial admissions and Plaintiff has not "established that exceptional circumstances exist that warrant allowing him to recant these admissions." (ECF No. 17, PageID.91). That said, Defendants do not cite any support for the proposition that Plaintiff may not amend his complaint or that the standard for addressing Plaintiff's motion to amend here should be "a showing of exceptional circumstances" rather than the typical motion to amend standard. (*Id.* at PageID.92). The undersigned does not contest that judicial admissions are generally binding on the parties, but neither can the undersigned contest that the Plaintiff may seek leave to amend his complaint. *Crigler v. Richardson*, No. 3:08-0681, 2008 WL 11393105, at *3 (M.D. Tenn. Oct. 10, 2008) ("To begin with, while a statement in a complaint may serve as a judicial admission, when a party amends a pleading the allegations or statements in the earlier pleading are not considered as judicial admissions.") (citing *188 LLC v. Trinity Indus.*, 300 F.3d

3

730, 736 (7th Cir. 2002); *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995)); *Rios v. Redding*, No. 21-1060, 2022 WL 842749, at *3 (10th Cir. Mar. 22, 2022) (finding a plaintiff's complaint allegations binding but noting "she didn't ask the district court for leave to amend."). The doctrine of judicial admissions is not relevant to whether this Court should allow Plaintiff to amend his complaint.

As to the factors the Court considers in addressing a motion to amend, Plaintiff's motion to amend his complaint was filed without delay and does not appear to be in bad faith, factors which both weigh in favor of allowing amendment. It is his first amended complaint, so there has not been a repeated failure to cure deficiencies. The amendment does not appear to cause undue prejudice. As to notice, Defendants had notice of Plaintiff's claims because Plaintiff's amendment seeks only to correct an incorrect date, but the substance of his complaint remains largely the same. Defendants argue Plaintiff's complaint is futile because he fails to establish Defendants Nachtreib and Dea caused his injury. The Court shall address Plaintiff's failure to state a claim in the Report and Recommendation entered concurrently with this Order. The totality of the factors suggest justice requires amendment to correct the date error, therefore, the motion to amend is **GRANTED**. (ECF No. 15). Plaintiff's First Amended Complaint is the operative complaint. (ECF No. 16).

    b. *Defendants' Motion to Dismiss*

4

The remaining Defendants have filed two motions to dismiss in this matter—one directed at the original complaint and one directed at the amended complaint. (ECF Nos. 13; 18). The Court shall address only the motion to dismiss directed at the original complaint in this order. The motion to dismiss directed at the amended complaint will be addressed in the report and recommendation issued concurrently with this order.

As to the motion to dismiss directed at the original complaint, when an amended complaint is filed, a motion to dismiss the original complaint is moot. *See ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot. . . ."); *Scuba v. Wilkinson*, 2006 WL 2794939, *2 (S.D. Ohio Sept. 27, 2006) ("Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot."); *Weiss v. Astellas Pharma US, Inc.*, 2006 WL 1285406, *1 n. 1 (E.D. Ky. May 10, 2006) (following amendment, motions to dismiss were moot). As Defendants' motion does not address the operative complaint, the motion to dismiss is **TERMINATED AS MOOT**. (ECF No. 13).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: May 10, 2023.                                 s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.
                                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 10, 2023.

                                                    s/Kristen MacKay
                                                    Case Manager
                                                    (810) 341-7850