UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN L. LACROIX                     Case No. 22-12936

Plaintiff,                           F. Kay Behm
v.                                   United States District Judge

SGT DEA & PATRICK                    Curtis Ivy, Jr.
NACHTREIB,                           United States Magistrate Judge

Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND SCREENING AMENDED COMPLAINT.**

Plaintiff Kevin L. LaCroix, proceeding without the assistance of counsel, filed this action on December 5, 2022. (ECF No. 1). This matter has been referred to the undersigned for all pretrial matters. (ECF No. 10). This matter is presently before the Court for screening of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

**I.     DISCUSSION**

*a.  Standard for Screening*

When a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 42 U.S.C. § 1997e(c). The dismissal standard of Federal Rule of Civil

1

Procedure 12(b)(6) described in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 19997e(c). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never

2

presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also*, *Evans v. Mercedes Benz Fin. Servs.*, LLC, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    b. *Analysis*

The Court shall consider whether Plaintiff has failed to state claim for relief in his amended complaint. Plaintiff's amended complaint alleges he was denied his right to vote. (ECF No. 16).

"Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 377 U.S. 533, 561–62 (1964). "People who are otherwise entitled to vote do not lose that right because they are subject to pretrial detention." *Montgomery v. Whidbee*, No. 3:19-CV-00747, 2023 WL 2254531, at *7 (M.D. Tenn. Feb. 27, 2023), *report and recommendation adopted sub nom. Montgomery v. Jamison*, No. 3:19-CV-00747, 2023 WL 2484254 (M.D. Tenn. Mar. 13, 2023) (citing *O'Brien v. Skinner*, 414 U.S. 524, 529–30 (1974) (holding that the voting rights of pretrial detainees otherwise entitled to vote are protected by the Equal Protection Clause of

the Fourteenth Amendment)). "[A] detainee alleging that jail officials—rather than the operation of state law—prevented him from voting . . . must allege that those officials were deliberately indifferent to the detainee's loss of his only available means of exercising his voting rights." *Montgomery v. Whidbee*, No. 3:19-CV-00747, 2021 WL 780730, at *3 (M.D. Tenn. Mar. 1, 2021), *report and recommendation adopted*, No. 3:19-CV-00747, 2021 WL 1037860 (M.D. Tenn. Mar. 18, 2021), *aff'd and remanded*, No. 21-5327, 2022 WL 1008284 (6th Cir. Mar. 16, 2022) (citing *Whitaker v. Gusman*, Civ. Action No. 09-3710, 2010 WL 3528618, at *3 (E.D. La. Aug. 10, 2010)).

The deliberate indifference standard in the Fourteenth Amendment[1] context is an objective one and requires more than mere negligence. *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 595 (6th Cir. 2021), *cert. denied*, 214 L. Ed. 2d 13, 143 S. Ct. 84 (2022) ("We thus reject the Tenth Circuit's argument that the term 'deliberate indifference' itself demands a subjective standard. . . . We also reject any argument that *Farmer* controls here until the Supreme Court tells us otherwise, because *Farmer* cannot fairly be read to require subjective knowledge where the Eighth Amendment does not apply, and the Supreme Court has not held that

---

[1] "The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)). Plaintiff appears to have been a pretrial detainee during October and November 2022, therefore the Fourteenth Amendment applies. (ECF No. 13, PageID.52).

4

*Farmer*'s subjective standard applies to Fourteenth Amendment pretrial-detainee medical-care claims."). A pretrial detainee must prove "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *Montgomery v. Whidbee*, No. 3:19-CV-00747, 2023 WL 2254531, at *7 (M.D. Tenn. Feb. 27, 2023) (applying the recklessness framework), *report and recommendation adopted sub nom. Montgomery v. Jamison*, No. 3:19-CV-00747, 2023 WL 2484254 (M.D. Tenn. Mar. 13, 2023).

In his amended complaint, Plaintiff alleges Defendant Patrick Nachtreib "encouraged voting in the Washtenaw County Jail" and helped Plaintiff request an absentee ballot form. (ECF No. 16, PageID.80). Plaintiff alleges that when Nachtreib was picking up Plaintiff's completed absentee ballot application form that Nachtreib "told me that I would receive my absentee ballot by mail in a few days and that he would pick it up from me after I completed it and deliver it to my polling place." (*Id.*). Plaintiff received his absentee ballot in the mail. (*Id.*).

On November 2, 2022, Plaintiff alleges he asked another guard to "contact Patrick Nachtreib to come pick up my now completed absentee ballot" and the officer responded, "Patrick told him he would pick it up another day." (*Id.*). On November 4, 2022, Plaintiff alleges he again asked a guard to contact Nachtreib to pick up his ballot and the response was the same. (*Id.*). On November 7, 2022,

5

Plaintiff alleges he asked a guard to contact Nachtreib and the officer responded "Patrick told him to tell me to 'mail it in'" but Plaintiff argues that "one day wasn't nearly enough time for [the ballot] to get to the polling place to count." (*Id.*). Plaintiff asked the officer to contact Defendant Dea, which the officer did, and Dea's response was "mail it in." (*Id.*).

The Court must consider whether Plaintiff's claim fails to allege a viable claim against Defendants Nachtreib and Dea.

As to Dea, the only allegation against Defendant Dea is that Dea was the shift sergeant "during most of the shifts that [Plaintiff] was disenfranchised" and that the day before election day when Plaintiff asked about his ballot Dea told Plaintiff to mail in his ballot. (ECF No. 16, PageID.78; PageID.80). This allegation against Defendant Dea does not constitute reckless disregard of the risk to Plaintiff's voting rights. Plaintiff did not ask Dea for assistance *until the day before the election*. Jail officials are not deliberately indifferent to a detainee's rights when they seek to provide assistance in voting but do not succeed. *Lewis v. San Mateo Cnty.*, No. C 96-4168, 1996 WL 708594, at *1 (N.D. Cal. Dec. 5, 1996) (finding that jail officials were at most negligent when plaintiff requested voter registration card five days before deadline and received the card one day too late to register).

The undersigned acknowledges M.C.L. § 168.764a (2020), which contains the instructions which must be included by law with each ballot for absent voters. In reply to their first motion to dismiss, Defendants assert the instructions expressly provided that Plaintiff could vote by mailing in his ballot or by calling the clerk's office to pick up his ballot and a representative would have done so. (ECF No. 17, PageID.95) (citing M.C.L. § 168.764a).  Plaintiff did not allege that anyone stopped him from doing so or that he was not provided the resources to do so.  Plaintiff's amended complaint alleges "Nachtreib identified himself as the '*only* person at the jail' with the credentials to handle completed voting ballots." (ECF No. 16, PageID.78) (emphasis added).

Plaintiff's allegations can be taken as an allegation that Nachtreib caused his inability to vote by instructing Plaintiff the *only way* to vote was by handing his ballot to Nachtreib, who would then get it to the polling place.  Plaintiff has perhaps stated a claim sufficient enough to move past screening.  Construing his allegations liberally, he relied on Nachtreib's statements that he could vote by giving his ballot to Nachtreib, but Nachtreib repeatedly failed to abide by his word, and on the day before the election, instructed Plaintiff to mail his ballot.  That was too late.  This could constitute reckless disregard for voting rights.  Moreover, neither Plaintiff nor Defendants provide a copy of Plaintiff's ballot indicating that Plaintiff's ballot contained the legally required instructions indicating the methods

of absentee voting under M.C.L. § 168.764a (2020). The undersigned cannot say that Plaintiff had the instructions on his ballot based on the mere fact Michigan law requires instructions to be included with an absentee ballot where neither party provides Plaintiff's ballot or any sample ballot demonstrating the instructions are included. Whether Nachtreib is liable can be tested in other phases of this litigation.

      c. *Defendant's Motion to Dismiss/Strike (ECF No. 18)*

In their motion to dismiss/strike directed at Plaintiff's amended complaint, Defendants argue the complaint should be dismissed for the reasons stated in their reply to Plaintiff's motion to amend. (ECF No. 18, PageID.104). The Court has already addressed the arguments about amendment and futility in this Report and Recommendation and the Order issued concurrently. (ECF No. 19).

Much of Defendants' motion argues that the Court has not granted Plaintiff leave to file his amended complaint, so the Court should strike it as improper. (ECF No. 18, PageID.104). As the Court has granted Plaintiff's motion to amend, the undersigned recommends this motion be **DENIED AS MOOT**.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that this case be **DISMISSED** as to Defendant Dea for failure to state a claim and Defendant's motion to dismiss be **DENIED AS MOOT**. (ECF No. 18).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 16, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

# CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 16, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850