UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. LACROIX, | Case No. 22-12936 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| PATRICK NACHTREIB, *et al.*, | Curtis Ivy |
| | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S MAY 16, 2023 REPORT AND RECOMMENDATION (ECF No. 20) and OVERRULING OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 10, 2023 ORDER (ECF No. 19)**

**I.     PROCEDURAL HISTORY**

Plaintiff, Kevin LaCroix, brings this civil rights lawsuit claiming that Defendants interfered with his right to vote while he was held at the Washtenaw County Jail in November 2022.  (ECF No. 1).  The court referred this matter for all pretrial proceedings to Magistrate Judge Curtis Ivy.  LaCroix filed a motion for leave to amend the complaint on April 13, 2023.  (ECF Nos. 15, 16).  Defendants opposed the motion and Judge Ivy granted the motion.  (ECF Nos. 17, 19).  Judge Ivy then issued a report and recommendation (R&R) screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c).  (ECF No. 20).  More specifically, Judge Ivy recommended that the claims against

1

Defendant Dea be dismissed and that the Defendant's motion to dismiss the amended complaint be denied as moot. (ECF No. 20). Defendant Nachtreib filed objections to the R&R, asserting that (1) LaCroix was not a pretrial detainee at the time of the events in question and instead, he was serving a sentence for a conviction; thus, he had no right to vote on which to base his lawsuit; and (2) the Magistrate erred by failing to conclude that the directions identified Mich. Comp. Laws § 168.764a preclude LaCroix from establishing a claim against Nachtreib. (ECF No. 23).

## II.  LEGAL STANDARDS

### A.  Report and Recommendation

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that

dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

Defendants raise two objections not presented to the Magistrate Judge. As explained by the Court of Appeals, the district court reviews de novo a magistrate judge's decision if timely objections are filed; absent compelling reasons, it does

not generally allow parties to raise new arguments or issues that were not presented to the magistrate. *Moore v. United States Dep't of Agric.*, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")). However, in reviewing a magistrate judge's recommendation, "[t]he district judge may ... receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1). Accordingly, the decision of whether to receive additional evidence is left to "the sound discretion of the district court." *Moore*, 2018 WL 1612299, at *2 (quoting *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002)). Further, it is within the discretion of a district court to ignore new evidence if the evidence is untimely, and the proponent of the evidence has provided no reason why he did not submit it to the magistrate judge. *Id.* (citing *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)).

    B.    <u>Order</u>

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider

4

any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III. DISCUSSION

    A.    <u>May 16, 2023 Report and Recommendation</u>

        1.    *Objection No. 1*

5

At the time he filed his complaint and at the time of the actions set forth in the complaint, LaCroix claimed to be a pretrial detainee housed at the Washtenaw County Jail. (ECF No. 1). If that is accurate, the Magistrate Judge correctly concluded that pretrial detainees retain their constitutional right to vote while detained. *See* ECF No. 20, citing *Montgomery v. Whidbee*, 2023 WL 2254531, at *7 (M.D. Tenn. Feb. 27, 2023), report and recommendation adopted, 2023 WL 2484254 (M.D. Tenn. Mar. 13, 2023) ("People who are otherwise entitled to vote do not lose that right because they are subject to pretrial detention.") (citing *O'Brien v. Skinner*, 414 U.S. 524, 529–30 (1974) (holding that the voting rights of pretrial detainees otherwise entitled to vote are protected by the Equal Protection Clause of the Fourteenth Amendment)). Notably, if LaCroix was confined in jail while serving a sentence, he did not retain the right to vote under Michigan law. Mich. Comp. Laws § 168.492a; *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (A state may constitutionally disenfranchise felons.).

In the objection, however, Defendants bring forth evidence not presented to the Magistrate Judge which they claim shows that LaCroix was not a pretrial detainee at the time of the events in question but was serving a sentence after conviction. The court is inclined to consider this evidence but finds that it is not dispositive. According to the documents offered by Defendants, on August 29,

6

2019, LaCroix was sentenced to a minimum term of incarceration of 18 months with a maximum sentence of 15 years by the 10th Judicial Circuit Court located in Saginaw County, Michigan for violations of Mich. Comp. Laws §§ 257.6256D, 769.12. (ECF No. 23-2, Judgment of Sentence and Commitment to Department of Corrections for Case No. 18-045436-FH). Further, as evidenced by the Michigan Offender Tracking Information System (OTIS), this is an active sentence. (ECF No. 23-3, Michigan Department of Corrections OTIS report, "Sentence 6", referencing Case No. 18-045436-FH). The court may consider public records when deciding a motion to dismiss. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (When a court is presented with a Rule 12(b)(6) motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."). Such records include records of conviction. *See e.g.*, *Rice v. Harris*, 2018 WL 3008335, at *7 (S.D. Ohio June 15, 2018), report and recommendation adopted, 2018 WL 6510558 (S.D. Ohio Dec. 11, 2018), aff'd, *Warren Corr. Inst.*, 786 F. App'x 32 (6th Cir. 2019)); *Suhail v. U.S. Att'y Gen.*, 2015 WL 7016340, at *1 n. 2 (E.D. Mich. Nov. 12, 2015) (citing *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d

1192, 1197 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies.") (citations omitted). This court may also take judicial notice of information contained in Michigan's OTIS database. *Givan v. Unknown Party*, 2022 WL 3210078, at *2 (W.D. Mich. Aug. 9, 2022) (the court may take judicial notice of the information provided by a search of the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS) website with regard to the plaintiff) (citing, *United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004)). The court cannot say with certainly that the evidence shows that LaCroix was serving his sentence based on the Saginaw County conviction in November 2022, as opposed to being held as a pretrial detainee based on his Washtenaw County arrests. Instead, it is equally likely that LaCroix had been released from his Saginaw County conviction, then proceeded to commit the Washtenaw County crimes for which he was arrested in 2021 and was being held in Washtenaw

County jail as a pretrial detainee in November 2022 at the time of the events in question.[1] On this record, the court must **OVERRULE** Defendants' objection.

    2.    *Objection No. 2*

Defendant Nachtreib points to Mich. Comp. Laws § 168.764a, which identifies the "instructions which must be included by law with each ballot for absent voters," and asserts that LaCroix did not allege that the instructions were absent from his ballot. This is important, according to Nachtreib, because those instructions inform LaCroix that he could vote by placing the ballot in the mail or he could call the clerk's office to have the ballot picked up. Nachtreib contends that LaCroix did not mail his ballot or call the clerk's office and does not allege that anyone stopped him from exercising these options. Accordingly, Defendant argues that LaCroix, not Nachtreib, is the cause of his own failure to vote.

Judge Ivy analyzed the issue as follows:

> The undersigned acknowledges M.C.L. § 168.764a (2020), which contains the instructions which must be included by law with each ballot for absent voters. In reply to their first motion to dismiss, Defendants assert the instructions expressly provided that Plaintiff could vote by mailing in his ballot or by calling the clerk's office to pick up his ballot and a representative would have done so. (ECF No. 17, PageID.95) (citing M.C.L.

---

[1] According to Washtenaw County court records, as of November 2, 2021, a $100,000 bond was continued, and LaCroix remained in custody. *See* Register of Actions, *People v. LaCroix*, Case No. 21-546-FH (Washtenaw County Circuit Court).

> § 168.764a). Plaintiff did not allege that anyone stopped him from doing so or that he was not provided the resources to do so. Plaintiff's amended complaint alleges "Nachtreib identified himself as the '*only* person at the jail' with the credentials to handle completed voting ballots." (ECF No. 16, PageID.78) (emphasis added).
>
> Plaintiff's allegations can be taken as an allegation that Nachtreib caused his inability to vote by instructing Plaintiff the *only way* to vote was by handing his ballot to Nachtreib, who would then get it to the polling place. Plaintiff has perhaps stated a claim sufficient enough to move past screening. Construing his allegations liberally, he relied on Nachtreib's statements that he could vote by giving his ballot to Nachtreib, but Nachtreib repeatedly failed to abide by his word, and on the day before the election, instructed Plaintiff to mail his ballot. That was too late. This could constitute reckless disregard for voting rights. Moreover, neither Plaintiff nor Defendants provide a copy of Plaintiff's ballot indicating that Plaintiff's ballot contained the legally required instructions indicating the methods of absentee voting under M.C.L. § 168.764a (2020). The undersigned cannot say that Plaintiff had the instructions on his ballot based on the mere fact Michigan law requires instructions to be included with an absentee ballot where neither party provides Plaintiff's ballot or any sample ballot demonstrating the instructions are included. Whether Nachtreib is liable can be tested in other phases of this litigation.

(ECF No. 20, PageID.119-120). Defendants ask the court – without any supporting authority – to conclude that because Michigan law provides multiple alternatives for an absent voter to submit his ballot that, as a matter of law, Nachtreib could

10

not have interfered with LaCroix's right to vote. Such a conclusion is an overreach and simply cannot be made in the context of a motion to dismiss, where the court's task is quite limited. *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)) (In assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged."). Moreover, state law does not generally define the scope of the federal constitutional violations. *See e.g.*, *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir.2004) ("[I]t is well-settled that state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes, and that state law, by itself, cannot be the basis for a federal constitutional violation.); *Denton v. Rievley*, 2008 WL 2857016, at *2 (E.D. Tenn. July 21, 2008), aff'd, 353 F. App'x 1 (6th Cir. 2009) ("Because actions under § 1983 concern violations of federal rights, an officer's compliance with a state statute does not defeat a § 1983 action."). Thus, simply because LaCroix may have had other options for transmitting his absentee ballot under state law (although his awareness of these options is not evident in the current record) does not necessarily mean that Nachtreib could not have unconstitutionally interfered with his right to vote.

Accordingly, viewing the amended complaint in the light most favorable to LaCroix, the court agrees with the Magistrate's analysis that Plaintiff's amended complaint sufficiently states a claim against Nachtreib. *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, --- F.4th ---; 2023 WL 8270734, at *2 (6th Cir. Nov. 30, 2023). The second objection is **OVERRULED**.

B. May 10, 2023 Order

Defendants object to the Magistrate Judge's Order allowing LaCroix to amend the complaint. (ECF No. 21). According to Defendants, Judge Ivy was required to apply the "exceptional circumstances" test found in *Ferguson v. Neighborhood Hous. Servs. Of Cleveland Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) because the amended complaint withdrew certain "judicial admissions" found in the original complaint. Quite unlike the present circumstances, *Ferguson* involved an admission in *an answer* to a complaint regarding subject matter jurisdiction where the party sought to change the admission just before *trial* began. *Id*. at 550. Moreover, the Sixth Circuit went on to engage in a lengthy factual analysis based on the expansive record in the case regarding why the record was contrary to the party's attempt to withdraw the admission. *Id*. at 552. The Sixth Circuit has also emphasized that "[f]actual assertions in pleadings ..., *unless amended*, are considered judicial admissions conclusively binding on the party who made

them." *Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)) (emphasis added). Nothing in *Ferguson* suggests that a party may not amend their pleadings and thereby withdraw judicial admissions, particularly at the early stages of litigation.

Moreover, abundant caselaw also suggests that judicial admissions in complaints are superseded by amended complaints, as a matter of course. As explained in *Woodard v. Etue*, 2019 WL 3842907, at *3 (E.D. Mich. Aug. 15, 2019), an amended complaint supersedes all prior complaints, which means the prior complaint becomes a "nullity." *Id*. (citing *B&H Medical, L.L.C v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008)). "So even if the first complaint's factual allegations amount to judicial admissions, the admissions are withdrawn by the amendment." *Id*. (collecting cases); *see also Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)) ("Factual assertions in pleadings and pretrial orders, *unless amended*, are considered judicial admissions conclusively binding on the party who made them." (emphasis added)). Accordingly, the court

finds that Judge Ivy's decision was not contrary to law and Defendants' objection is **OVERRULED**.[2]

IV. **CONCLUSION**

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's May 16, 2023 Report and Recommendation, **OVERRULES** the objections, **DISMISSES** the claims against Defendant Dea, and **DENIES** the motion to dismiss the amended complaint as moot, and allows the claims against Defendant Nachtreib to go forward. The court also **OVERRULES** Defendants' objections to the Magistrate Judge's May 10, 2023 Order.

**SO ORDERED**.

Date: December 13, 2023                s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge

---

[2] Defendants also object on the basis that Judge Ivy erred by finding that allowing the amendment would not cause Defendants undue prejudice. Defendants maintain that prejudice stems from allowing LaCroix to withdraw judicial admissions, thereby causing Defendants to expend additional resources because they can no longer rely on said admissions. Given that the court has found that Judge Ivy committed no legal error in allowing the amended complaint, the court finds that no prejudice flows to Defendants. Moreover, allowing an amendment at this, the very earliest stages of litigation, is consistent with the "liberal amendment policy" embodied in Rule 15(a)(2). *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010).