UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN L. LACROIX,<br>    Plaintiff,<br>v.<br><br>JERRY L. CLAYTON, MARK A. PTASZEK, DEA, PATRICK NACHTREIB,<br>    Defendants.<br>_____/ | Case No. 22-12936<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON DISCOVERY MOTIONS (ECF No. 44, 47, 49, 51)

### I.     PROCEDURAL HISTORY

Plaintiff Kevin L. LaCroix filed this *pro se* prisoner complaint on December 5, 2022, and amended on May 10, 2023.  (ECF Nos. 1, 19).  On May 24, 2024, Defendant Patrick Nachtrieb filed a motion to compel Plaintiff's responses to his requests for production, requests for admission, and first set of interrogatories.  (ECF No. 44).  Nachtreib then filed a motion to extend discovery and dispositive motion deadlines on June 5, 2024, and a motion for leave to file an amended witness list on June 20, 2024.  (ECF Nos. 47, 49).  Plaintiff responded to all motions on July 9, 2024, and filed a motion opposing Defendant's second set of interrogatories, requests for production, and requests to admit.  (ECF Nos. 50, 51).

This matter was referred to the undersigned for all pretrial matters. (ECF No. 10).

## II. BACKGROUND

Plaintiff is incarcerated in Washtenaw County Jail ("WCJ"). (ECF No. 15, PageID.63). He requested an absentee ballot from Defendant Nachtreib, who told him he would receive his ballot by mail. (*Id.* at PageID.63-64). Nachtreib also told Plaintiff he would pick up his ballot after Plaintiff had cast his vote. (*Id.*). Even so, no one picked up Plaintiff's ballot. (ECF No. 1, PageID.5). Plaintiff claims Nachtreib violated his right to vote and to participate in elections. (ECF No. 14, PageID.68-70).

## III. ANALYSIS AND RECOMMENDATIONS

### A. Motion to Extend

Defendant moves to extend discovery. He filed the motion on June 5, 2024, arguing that Plaintiff had not responded to his discovery requests, and that discovery was set to close on July 9, 2024. (ECF No. 47). He claims that this is his first request for the extension of discovery deadlines, and that the extension is for two months, which "is modest and tailored to reasonably allow [him] . . . to obtain fulsome responses and productions." (*Id.*). Plaintiff responds, arguing that Defendant is seeking to waste time and cause unnecessary delay by extending deadlines. (ECF No. 50).

Plaintiff responded to the motion to compel on July 9, 2024, the last day of discovery, despite the Court's ordering him to respond by July 1, 2024. (ECF No. 45). As discussed below, his responses were not properly filed and many are insufficient. Supplemental responses are ordered.

Federal Rule of Civil Procedure 16(b) provides that a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Because this is the first motion to extend, and Plaintiff delayed submitting responses to the motion to compel, Defendant has good cause to extend discovery. (ECF No. 45). There is no prejudice to either party. Defendant's motion to extend discovery will be granted. The discovery deadline will be **September 9, 2024**. The dispositive motion deadline will be **October 9, 2024**.

B.  Motion to Compel

Defendant Nachtreib's motion to compel comes after the Court's Order on Plaintiff's ECF No. 40 discovery motion. (ECF No. 43). At ECF No. 40, Plaintiff objected to Defendant's proposed deposition questions and requests for admission. (ECF No. 40, PageID.214). The Court stated that "Plaintiff cannot be excused from his obligation to respond to the discovery requests." (ECF No. 43,

3

PageID.246). As of the date this motion to compel was filed, Plaintiff had not responded to the discovery requests. Yet he later submitted his responses in his response to Defendant's motion to extend. (ECF No. 50). These responses include phrases such as "You identify it. Don't be slick," or "go back and count them for me cause I'm just a dumb prisoner." (*Id.* at PageID.291) (emphasis original).

These responses, as well as his responses to Defendant's Requests for Production, Interrogatories No. 3 and 6, and Request for Admission No. 2 do not answer the discovery requests and must be amended. Plaintiff is reminded of his duty to engage in discovery in good faith. Fed. R. Civ. P. 26(e). As stated in the Court's Order at ECF No. 43, discovery requests and depositions are part of the ordinary course of litigation, particularly when a prisoner himself is the plaintiff in civil rights litigation.

Plaintiff submitted his discovery responses as part of his response. Plaintiff is warned that he cannot use the filing system to respond to discovery and must serve Defendant directly with his responses. Plaintiff must provide his revised answers, admissions, and documents directly to Defendant's counsel at the address of Miller Johnson, attorneys for Defendant at **45 Ottawa Ave. SW, Ste. 1100 P.O. Box 306, Grand Rapids, MI 49501-0306**. If Plaintiff again attempts to serve or respond to discovery through a filing on the docket, the filing will be stricken.

Because Plaintiff has not yet properly responded to the discovery, the motion to compel is **GRANTED**. Plaintiff is ordered to supplement his responses in good faith **within 21 days** of this Order.

Plaintiff also argues that Defendant has failed to seek concurrence in his motion to compel. (ECF No. 50, PageID.290). Defendant need not seek concurrence before filing his motions. Though Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion, the "rule specifically exempt pro se prisoner litigation from the concurrence rule." *Sykes v. Genesee Cty.*, 2021 WL 4864296, at *2 n.2 (E.D. Mich. Oct. 19, 2021); *see also Good v. Walworth*, 2018 WL 11573520, at *3 (E.D. Mich. Nov. 8, 2018) (citing L.R. 7.1(a)(1)). "If concurrence is not obtained, the Rule requires, in relevant part, that the motion state that concurrence was not sought because the movant or nonmovant is an incarcerated prisoner proceeding *pro se*." *Good*, 2018 WL 11573520, at *3. Though Defendant did not seek concurrence, he conveyed in his motion that concurrence was not sought because Plaintiff is an incarcerated prisoner proceeding pro se. (ECF No. 44, PageID.251). Defendant complied with the requirements of L.R. 7.1.

C. Motion Opposing Defendant's Second Discovery Requests

Finally, in his motion opposing Defendant's second set of interrogatories, requests for production, and requests to admit things that aren't true, Plaintiff

5

claims that he answered one set of discovery requests, and that the second set is duplicative and causes him undue hardship. (ECF No. 51, PageID.299). He states, "why the need to depose me if I've already answered your questions once?" and claims that the requests for documents, requests to admit, and the interrogatories are "demented" and "harassing." (*Id.*). He also claims that Defendant's attorneys are using excuses "to delay trial . . . [for] their billable hours." (*Id.* at PageID.300). Plaintiff is once again reminded of his obligations mentioned in the Court's Order on his discovery motion at ECF No. 43. As stated above, because LaCroix is the Plaintiff in this case, "it is unlikely that 'a request for his deposition' will unfairly surprise him." (ECF No. 43, PageID.245). He is also reminded that any personal attacks against Defendant's counsel are improper and unwarranted. (*Id.* at PageID.247). This motion is **DENIED**.

      D.    <u>Motion for Leave to File Amended Witness List</u>

Defendant also filed a motion for leave to file an amended witness list. (ECF No. 49). In it, Defendant claims that he "ascertained the names of additional individuals and categories of individuals [during discovery] whose names are not yet known that he would like to call as witnesses at trial." (*Id.* at PageID.276). As a result, he seeks leave to file an amended witness list. (*Id.*). He argues that he has shown good cause to modify the scheduling order because he exercised reasonable diligence in filing his original witness list and timely filed this motion, and that

6

Plaintiff will not suffer prejudice because discovery remains open. (*Id.* at PageID.276-277).

As established above, the scheduling order can be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b). Prompt amendment of a witness list is relevant to whether there is prejudice. *Cotton v. Sassak*, 2008 WL 1882708, at *1 (E.D. Mich. May 20, 2008) (finding no prejudice for an amended witness list submitted with nineteen days remaining in discovery); *Mitchell v. City of Warren*, 2014 WL 1319703, at *3 (E.D. Mich. Apr. 1, 2014) (no prejudice when three months remained in discovery).

Defendant's original witness list was filed on April 8, 2024. (ECF No. 38). He filed the current motion on June 20, 2024, and discovery was set to close on July 9, 2024. (ECF Nos. 49, 33). Around two weeks remained in discovery at the time of filing. It does not appear as though Defendant acted diligently in proposing amendment. Also, the amended witness list is not substantially similar to the earlier witness list. It includes many new witnesses. Though Plaintiff has several times delayed in following deadlines, Defendant has not shown good cause to amend his list, and, at the time of filing, this amendment would be prejudicial. That said, given the motion to extend being granted, the new discovery deadline is September 9, 2024. Because of this, Plaintiff will have adequate time to prepare

his discovery and will not be prejudiced by the amended witness list. The motion to amend the witness list is **GRANTED**.

      **IT IS SO ORDERED**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 24, 2024.                      s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 24, 2024.

                                                s/Sara Krause
                                                Case Manager
                                                (810) 341-7850